UNITED STATES, Appellee

v.

DARRYL W. SMITH, Chief Hospital Corpsman, U. S. Navy, Appellant

2 USCMA 119, 6 CMR 119

No. 874

Decided December 31, 1952

CDR. Raymond van Wolkenten, USN, for Appellant.
CDR. Malcom J. Bradbury, USN, and 1ST LT. Charles F. Schwarz, USMCR, for Appellee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

This accused was convicted by general court-martial of wrongful appropriation in violation of Article 121 of the Uniform Code of Military Justice, 50 USC § 715. He was sentenced to a bad-conduct discharge, total forfeiture of pay, and confinement at hard labor for six months. The convening authority approved the findings and sentence. A Navy board of review, one member dissenting, approved the findings, but approved only so much of the sentence as imposed confinement for six months and forfeiture of $165 per month for six months, thereby disapproving the bad-conduct discharge. We granted petition for review, limited to consideration of the legality of the sentence as approved by the board of review.

The sentence as approved by the board of review in this case cannot stand. Since it includes ▌ confinement for a period of six months, the accused is automatically reduced in rate to seaman recruit. Manual for Courts-Martial, United States, 1951, paragraph 126e, as modified by Section 0122 of the Naval Supplement to the Manual. Paragraph 126h(2) of the Manual provides that, in computing the maximum amount of forfeitures, the basic pay of the reduced rate required by the sentence as ordered executed shall be taken as the basis. In the absence of a disciplinary discharge, the amount of forfeitures is limited to two-thirds of the accused's basic pay. These limitations apply as well to a board of review as to courts-martial. United States v. Brasher (No. 499), 6 CMR 50, decided October 20, 1952. Obviously, the forfeiture of $165 per month here is far in excess of two-thirds of the basic pay of a seaman recruit.

Defense contends that since the board of review approved ▌ an amount of forfeitures which must be based on the accused's present pay, the board intended that the accused should retain his rate as a chief petty officer. Such an intent would be, of course, inconsistent with the automatic reduction in rate which flows from the approved confinement for six months. It is urged that United States v. Flood (No. 377), 6 CMR 114, decided this date, requires that this inconsistency must be resolved by reducing the confinement to three months—a period which, under Section 0122 of the Naval Supplement, will allow the accused to retain his rate as a chief petty officer. Defense points also to certain language used in the board of review opinion which indicates an intent not to reduce the accused in rate.

After careful perusal of the board of review opinion, we are unable to say whether the board was aware of the automatic reduction requirement but overlooked the requirement that forfeitures be based on the pay of the rate as reduced; or whether the board applied the latter limitation but overlooked the automatic reduction in rate. This doubt can best be resolved by returning the case to the board of review for further consideration. The board can either reduce the forfeitures to that commensurate with the pay of a seaman recruit, or it can reduce the confinement to three months and allow the accused to retain his present rate. Defense also points out that even the latter course would not permit the forfeiture of $165 per month to stand, since in the absence of a disciplinary discharge family allotments must be deducted before the two-thirds computation is made. Manual for Courts-Martial, United States, 1951, paragraph 126h(2).

The decision of the board of review is reversed in so far as it pertains to the sentence, and the case is remanded to The Judge Advocate General of the Navy for referral to the board of review for reconsideration of their approval of the sentence. Since other

120

issues raised by the accused were considered but not included in the decision of this Court granting the petition for review, further action as to the findings is not required.

Judges LATIMER and BROSMAN concur.